Argued May 19, affirmed June 10, 1964

# BARKER *v.* IRELAND
392 P. 2d 769

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the brief was John W. Hathaway, Tillamook.

*David B. Williamson,* District Attorney, St. Helens, argued the cause and filed a brief for respondent.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN and DENECKE, Justices.

GOODWIN, J.

Barker was arrested under a warrant issued by the Circuit Court for Columbia County, and is being held by the defendant sheriff of Tillamook County pursuant to said warrant. He appeals from an order dismissing a writ of habeas corpus.

The warrant under which Barker is being held is valid on its face. It was issued by a circuit judge pursuant to an application filed by a representative of the State Board of Parole and Probation charging Barker with certain violations of the terms and conditions of his probation. See ORS 137.550 (2). Barker had been placed on probation by the same court two years earlier after conviction of a felony.

Barker attempts in these proceedings to litigate the truth or falsity of the charges that he had violated his probation. Under ORS 137.550 (2), the court that places a convict on probation may order his arrest at any time during probation. (Also, an officer of the State Board of Parole and Probation who has probable cause to believe that the convict has violated his probation may arrest such a person without a warrant at any time during probation.) Thereafter, the court may, at a summary hearing, revoke the probation and sentence the convicted person to any term in the penitentiary for which he could have been sentenced upon the original conviction. *Bryant v. State,* 233 Or 459, 461, 378 P2d 951 (1963). Cf. *Anderson v. Alexander,* 191 Or 409, 229 P2d 633, 230 P2d 770, 29 ALR2d 1051 (1951), holding that parole, as distinguished from probation, can be revoked without a hearing.

The purpose of the summary hearing referred to in ORS 137.550 (2) is to afford the person on probation an opportunity to be heard in the event that he

disputes any of the allegations made against him by the probation officer or other person seeking the revocation of probation. At such a hearing it is the duty of the trial court to decide what the facts are and then to exercise its discretion in one of two ways. The court may permit the convict to remain on probation, or may revoke the probation and order the convict held for the execution of any sentence provided by law. It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. See *Bryant v. State,* supra. Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime.

■ If a warrant, regular on its face, has been duly issued, the revocation of probation must be contested in the summary hearing contemplated by ORS 137.550 (2), and not in a special hearing on a writ of habeas corpus.

"It is settled law in this state that, unless the order or process upon which the petitioner is detained shall appear to be utterly void, no relief can be had under the writ." *Ex parte Foster,* 69 Or 319, 322, 138 P 849 (1914).

■ The warrant under which the sheriff is holding the prisoner is valid on its face, and there has been no showing that the court issuing the warrant was without jurisdiction to do so. It follows that the warrant is sufficient authority for the sheriff to hold the pris-

oner until there has been a hearing on the merits and the court has ordered the prisoner discharged or transferred to the penitentiary.

We express no opinion on the remedies, if any, which might be available to a person whose probation has been revoked after a hearing pursuant to ORS 137.550.

Affirmed.