Argued January 22, affirmed March 5, petition for
rehearing denied April 7, 1970.

## STATE OF OREGON, *Respondent, v.*
## MAX DUANE FRYE, *Appellant.*

465 P2d 736

*Julian Herndon, Jr.,* Portland, argued the cause for appellant. With him on the brief were Herndon & Ofelt, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

On November 7, 1967, defendant was found guilty by a jury of advocating the commission of a felony. He was placed on five years' probation on April 2, 1968. He did not appeal this judgment. On November 27, 1968, an order to show cause why probation should not be revoked was issued, and a hearing, which concluded on January 7, 1969, was held thereon. As a result of the hearing, the court, on January 15, 1969, revoked defendant's probation and sentenced him to

three years' imprisonment. Defendant appeals from the January 15, 1969, judgment.

■ Defendant now claims that the statute, ORS 161.-330, under which he was convicted on April 2, 1968, is unconstitutional. That is the judgment from which no appeal was taken. ORS 138.070 provides:

"An appeal must be taken within 60 days after the judgment or order appealed from was given or made."

This includes the judgment order placing defendant on probation. *State v. Cartwright*, 246 Or 120, 143, 418 P2d 822 (1966), cert den 386 US 937, 87 S Ct 961, 17 L Ed 2d 810 (1967); *State v. Gates*, 230 Or 84, 94-96, 368 P2d 605 (1962). The 60-day period had long since expired when defendant commenced this appeal.

■ Additionally, there is no showing that the question of the constitutionality of ORS 161.330 was raised at the trial. In the absence of unusual circumstances, questions not raised and preserved in the lower court will not be considered on appeal. *State v. Krause*, 251 Or 318, 323, 445 P2d 500 (1968); *State v. Varney*, 244 Or 583, 584, 419 P2d 430 (1966); *State v. Christmas*, 2 Or App 46, 465 P2d 748, decided this date.

Defendant's assignment of error No. II, that ORS 137.540 is unconstitutional, is likewise governed by the foregoing and will not be considered by this court.

■ Defendant's third assignment of error, that the court's action in revoking his probation was arbitrary and capricious, is without merit. The summary hearing provided by ORS 137.550 is essentially an informal trial and the court is not bound by strict rules of evi-

dence which apply in criminal or civil trials. There was evidence from which the trial judge could have concluded that defendant not only conducted his television repair business in an erratic manner, by failing to return television sets placed with him for repair, but also had engaged in "fencing" two stolen typewriters.

■■ The standards which the trial court may expect of its probationers are set forth in *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964), as follows:

"* * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * * Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime."

■ Since the grant, denial or revocation of probation is discretionary with the trial court, the question is whether the trial court acted arbitrarily or capriciously. From the record before us we cannot say that it so acted.

Affirmed.