Argued June 16, affirmed July 23, petition for rehearing denied
September 8, petition for review denied November 4, 1970

## STATE OF OREGON, *Respondent, v.*
## SANDRA DUPREE, *Appellant.*
### 472 P2d 824

*Howard R. Lonergan,* Portland, argued the cause and filed the briefs for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

The defendant, following her conviction on a charge of Knowingly Uttering and Publishing a Forged Bank Check, was, on March 7, 1968, placed on probation for five years,

"* * * on condition that she report as often as directed to said Parole Board, that she abide by all the rules and regulations of said Parole Board, and that she not again violate any of the laws of the municipality, county or state wherein she may reside."

On March 4, 1969, the Oregon State Board of Parole and Probation filed with the court its Revocation Recommendation, stating:

"This recommendation is respectfully submitted for the following reasons:

"1. Mrs. Dupree has written a forged check.

"2. Mrs. Dupree has continued to use narcotics.

"3. Subject has failed to follow instructions of probation officer."

Based thereon, the court on March 21, 1969, issued its warrant of arrest. ORS 137.550 (2). The defendant was arrested on April 29, 1969, and brought before the court on May 6, 1969. At that time counsel was appointed for her and upon agreement of counsel a hearing was held. The record fails to show directly whether the defendant admitted or denied the charges in the Revocation Recommendation. We assume, therefore, that each is denied. At the hearing the supervising officer of the defendant from the State Board

of Parole and Probation testified for the state. The defendant herself testified of her own volition on her own behalf. She did so against the advice of her attorney.

When placed on probation defendant received from the board a printed document entitled "Conditions of Supervision." She signed it and agreed to its provisions. Among these were that she would not indulge in the use of narcotic drugs, would not incur any unnecessary indebtedness, would obey the law and not change her residence without the approval of her supervising officer, and would be governed by that officer's direction.

In her testimony Mrs. Dupree conceded her use of Doriden and Thorazine and that she had told her probation officer this was true shortly before the Revocation Recommendation was made. She acknowledged that she had formerly been a drug addict. She testified that she had moved her residence without notifying her probation officer and that she had not kept some required appointments. She testified further that together with one J. T. McNeilly she had opened, while on probation, a joint charge account at Penney's under the name of Mr. and Mrs. J. T. McNeilly, although both of them had spouses of their own, and charged thereon some $400 worth of goods, some portions of which remained unpaid. She herself had received goods charged thereon and made no payment herself. She acknowledged a continuing contact with Mr. McNeilly in violation of her probation officer's instructions. She admitted she had forged his name to two checks, which she cashed, but denied an intent to defraud, stating she did so at his request because he was too drunk to sign his own name.

In *State v. Frye,* 2 Or App 192, 465 P2d 736 (1970), we said:

"The standards which the trial court may expect of its probationers are set forth in *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964), as follows:

" '* * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * * Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime.'

"Since the grant, denial or revocation of probation is discretionary with the trial court, the question is whether the trial court acted arbitrarily or capriciously. * * *" 2 Or App at 195.

From the foregoing testimony of the defendant it is obvious that the order revoking her probation was neither arbitrary nor capricious. Defendant's contention that the court erred in concluding she violated the terms of her probation is without merit.

At the conclusion of the state's evidence defendant moved for dismissal of the revocation proceedings. Mrs. Platt, the supervising officer, had testified that the defendant had admitted to her the taking of the drugs previously mentioned, that she had found Mr. McNeilly visiting—at first out of sight upstairs—in defendant's home in violation of express instructions, concerning her failure to keep appointments with the psychiatrist whose services were made available to the defendant without charge through the board, and the

establishment and use of the aforesaid joint charge account with McNeilly and the forging of his name to two checks. The motion to dismiss was correctly overruled.

The judgment is affirmed.