Argued October 27, reversed with instructions December 3, 1970

# STATE OF OREGON, *Respondent, v.* JAKE TILLMAN ROUT, *Appellant.*

477 P2d 230

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

FOLEY, J.

Defendant appeals from a judgment order of the Circuit Court for Multnomah County revoking his probation and sentencing him to five years' imprisonment.

On or about April 8, 1968, in Multnomah County, defendant pleaded guilty to the charge of obtaining money by false pretenses. On June 24, 1968, the Circuit Court for Multnomah County made an order suspending the imposition of sentence and placing defendant on probation for a period of five years, "on condition that he report as often as directed to * * * [the Oregon State Board of Parole and Probation], that he abide by all the rules and regulations of said Parole Board, and that he not again violate any of the laws of the municipality, county or state wherein he may reside."

At the time defendant was granted probation a charge was pending against him in Yamhill County Circuit Court for the crime of malicious and wanton injury to personal property stemming from acts committed on or about April 12, 1968. On September 16, 1968, defendant entered a plea of guilty to that charge and was subsequently sentenced to a term of 30 months' imprisonment. Defendant was thereafter returned to Multnomah County where the circuit court, on Decem-

ber 23, 1968, revoked the probation it had granted on June 24, 1968, and sentenced defendant to a five-year prison term to run consecutively to the term he was then serving.

Defendant sought post-conviction relief in Marion County Circuit Court, and on January 15, 1970, that court conducted a post-conviction hearing pursuant to defendant's petition. On January 20, 1970, the Marion County Circuit Court entered an order setting aside the prior revocation of defendant's probation and vacating the sentence subsequently imposed. The court further ordered that defendant be remanded to the Multnomah County Circuit Court for the reinstatement of his probation. In issuing its order the court found as a matter of fact that defendant had not violated any of the prescribed conditions of his probation and that no evidence had been introduced at the December 23, 1968, probation revocation hearing to prove that the purposes of probation were not being served. The court then concluded as a matter of law that defendant's probation had been arbitrarily revoked, thereby denying him due process of law.

Pursuant to the Marion County Circuit Court's order the Circuit Court for Multnomah County reinstated defendant's probation on February 24, 1970, and then immediately conducted a hearing to determine whether the probation should be continued. It then orally revoked probation and sentenced defendant to five years' imprisonment. Thereafter, on March 23, 1970, the judgment was formally entered. It is from this judgment that defendant now appeals.

The Oregon Supreme Court stated in *Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964), that:

"* * * Probation is not a matter of right,

but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime."

In two recent decisions this court has reiterated the Supreme Court's standards and concluded that:

> "Since the grant, denial or revocation of probation is discretionary with the trial court, the question is whether the trial court acted arbitrarily or capriciously. * * *" *State v. Frye,* 2 Or App 192, 195, 465 P2d 736 (1970).

See also *State v. Dupree,* 3 Or App 303, 472 P2d 824, Sup Ct *review denied* (1970). The question to be decided in this case, then, is whether the Multnomah County Circuit Court acted arbitrarily or capriciously in issuing its judgment of March 23, 1970, revoking defendant's reinstated probation.

■ The order entered on January 20, 1970, by the Marion County Circuit Court commanding reinstatement of defendant's probation was issued pursuant to a hearing conducted under the Post-Conviction Hearing Act, ORS 138.510 to 138.680. This Act provides that any such order

> "* * * shall constitute a final judgment for purposes of appellate review and for purposes of res judicata." ORS 138.640.

The sole method of obtaining review of such an order is by appeal to this court, ORS 138.650. No circuit court of this state may review the order. Since the state, for reasons which are not disclosed, did not initiate an appeal within the designated time period, the order of January 20, 1970, is beyond review by this court.

■ The Marion County Circuit Court order included as findings of fact that defendant had not violated any of the conditions of his original probation and that there had been no showing at the probation revocation hearing of December 23, 1968, that the purposes of probation were not being served. Under ORS 138.640 these matters are res judicata and cannot be relitigated. Therefore, once defendant's probation had been reinstated by the Multnomah County Circuit Court on February 24, 1970, pursuant to the order of the Marion County Circuit Court, any subsequent revocation of that probation based solely upon defendant's conduct prior to the date of reinstatement would have been improper. This was in fact the case. Immediately after reinstating defendant's probation on February 24, 1970, the Multnomah County Circuit Court conducted a hearing in which it received evidence of probation violations, all allegedly occurring prior to February 24, 1970. Then, without imposing any new conditions of probation and without evidence of any violations of the new probation, the court on February·25, 1970, revoked the day-old probation.

We hold that under these unusual circumstances, the Multnomah County Circuit Court acted arbitrarily in revoking defendant's reinstated probation.

Reversed with instructions to reinstate the prior probation order.