Argued July 20, affirmed September 21, 1971

# STATE OF OREGON, *Respondent, v.*
# LOWELL DEAN GREEN, *Appellant.*

488 P2d 1196

*E. Scott Lawlor,* Eugene, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant appeals from a judgment order revoking his probation and sentencing him to three years' imprisonment for the crime of entering motor vehicle with intent to steal.

Defendant pleaded guilty to the crime of entering a motor vehicle with intent to steal. On December 6, 1967, he was placed on probation for three years on condition that he violate no law, that he conduct himself as a law-abiding citizen, that he abide by the rules and regulations of the Oregon State Board of Parole and Probation and his supervising probation officer and that he make restitution. On December 2, 1970, the court issued an order requiring the defendant to appear before the court to show cause why his probation should not be revoked[1] and reciting that a motion had been filed with the court indicating

"* * * that there are good and reasonable

---

[1] ORS 137.550 (2) provides:

"At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for vio-

grounds to believe that defendant \* \* \* has violated the terms and conditions of probation in the following particulars, to wit,

"1. Defendant has failed to complete restitution,

"2. Defendant has associated with an ex-convict,

"3. Defendant has failed to maintain gainful employment,

"4. Defendant has used intoxicating beverages,

"5. Defendant has failed to submit monthly reports,

"6. Defendant has operated a motor vehicle while license suspended \* \* \*."

Thereafter, on December 14, 1970, a hearing before the circuit court was held at which defendant's probation officer was a witness. Defendant did not testify. At the conclusion of the hearing the court found that defendant had violated the conditions of his probation and ordered it revoked. Then, on December 30, 1970, the court sentenced defendant to three years' imprisonment.

Defendant contends on this appeal (1) that the court failed to make findings as to which conditions

---

lating any of the conditions of probation. Any probation officer, police officer or other officer with power of arrest may arrest a probationer without a warrant, and a statement by the probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation is sufficient warrant for the detention of the probationer in the county jail, house of detention or local prison, when designated in such statement, until the probationer can be brought before the court. The probation officer shall forthwith report such arrest or detention to the court and submit to the court a report showing in what manner the probationer has violated his probation. Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed. \* \* \*"

of probation were violated; (2) there was insufficient evidence to show defendant had violated his probation; and (3) that the sentence imposed was excessive.

■ There was evidence from which the court could have found that each of the six claimed violations had occurred. The probation officer testified that defendant had paid only $200 on a required restitution of approximately $3200, although defendant had been employed much of the time. The officer also testified that defendant terminated his employment by failing to show up for work in October 1970. Defendant told his parole officer that he believed his employer intended to fire him and so it was useless to return to work. The officer further testified that defendant admitted to him he had used intoxicating liquor, and that despite warnings from the officer he had been associating with an ex-convict. In connection with the operation of a motor vehicle while his license was suspended, the officer testified that defendant was arrested November 20, 1970, and jailed for this offense. Previous to this the officer had discussed his license suspension with him and defendant had been instructed not to drive. The officer also testified that defendant had not filed his monthly reports for September and October 1970. The officer further testified that defendant's over-all behavior had deteriorated to a point where he was no longer benefiting from probation. Defendant presented no evidence.

No special findings were requested by defendant and the court made a general finding that defendant had violated the terms of his probation.

"In *State v. Frye*, 2 Or App 192, 465 P2d 736 (1970), we said:

" 'The standards which the trial court may expect of its probationers are set forth in

*Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769
(1964), as follows:

> " ' "* * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * * Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, or revoked in the exercise of the judicial discretion of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime."

> " 'Since the grant, denial or revocation of probation is discretionary with the trial court, the question is whether the trial court acted arbitrarily or capriciously. * * *' 2 Or App at 195." *State v. Dupree,* 3 Or App 303, 306, 472 P2d 824, Sup Ct *review denied* (1970).

There was nothing arbitrary or capricious about the court's revocation here.

■ Finally, the maximum sentence for entering a motor vehicle with intent to steal was set by the legislature at five years. Defendant's sentence was three years. The three-year sentence under the facts in this case is neither disproportionate nor excessive. *State v. Mathewson,* 4 Or App 104, 477 P2d 222 (1970); *State v. Hecket,* 2 Or App 273, 467 P2d 122, Sup Ct *review denied* (1970).

Affirmed.