Argued October 27, 1971, affirmed January 28, petition for
rehearing denied February 23, 1972

## STATE OF OREGON, *Respondent, v.* CHARLES RAY GOLDEN, *Appellant.*

493 P2d 57

*James T. Marquoit,* Portland, argued the cause for appellant. With him on the brief were Maizels & Marquoit, Portland.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jim G. Russell, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant appeals from a revocation of probation. He was sentenced to 10 years' imprisonment on an illicit drug conviction on October 26, 1970. At that time the judge warned, "you shall not associate with any drug users." This was made a condition of the written terms of probation, a copy of which defendant received. The judge stated at the revocation hearing that he had asked the vice squad (police) to keep a surveillance on defendant because the judge was concerned that he might violate this term of probation. A vice officer came upon the defendant on December 19, 1970, at a place called "The Snakepit." The officer testified:

"* * * I had knowledge from my prior visits to that location that the drug users, dealers, frequent the kitchen quite a bit.

"As I entered into that portion of the premises, I observed Mr. Golden standing at a table to my right, just adjacent to the stove. There was one or two other subjects in the kitchen area with him. I greeted them, took a look around the place, observed many articles of paraphernalia, hypodermic syringes, needles, spoons, many, many parts of balloons laying on the floor."

The officer also testified that he had observed the defendant in the same vicinity on "10 or 12 occasions," presumably since the probationary order, and that known drug users were frequently seen there by him. The officer took from one of the defendant's pockets a kit which contained numerous articles of drug-use paraphernalia, including a hypodermic syringe and a straight razor, which he gave to the judge. Upon receipt of this information the judge signed an order for a show-cause hearing for revocation of the probation and an arrest warrant issued. The order was upon a printed form which contained the recitation:

"It further appearing to the Court from information furnished by the Corrections Division of the State of Oregon that said defendant has violated the terms of his probation and the Court being fully advised in the premises * * *."

The judge had received no communication from the Corrections Division—his only basis for setting the hearing was the information from the vice officer and nothing about that information was in the show-cause order.

The only question worthy of consideration in this appeal is whether the mistaken form of the show-cause order constituted such lack of notice as to be violative of due process of law.

At the revocation hearing the defendant's attorney objected to taking evidence based upon the order, but neither he nor the defendant asked for a continuance in order to further prepare for the hearing. The vice officer testified for the state and the defendant testified in his own defense and called his probation officer as a witness.

In *Barker v. Ireland,* 238 Or 1, 392 P2d 769

(1964), the court said that as a prerequisite to probation revocation it is only necessary under the provisions of ORS 137.550(2) that the trial judge be satisfied that the purposes of probation are not being served or that the terms thereof have been violated.

> "Since the grant, denial or revocation of probation is discretionary with the trial court, the question is whether the trial court acted arbitrarily or capriciously * * *." *State v. Frye,* 2 Or App 192, 195, 465 P2d 736 (1970).

*Perry v. Williard,* 247 Or 145, 427 P2d 1020 (1967), holds that the defendant is entitled to due process of law in that he is entitled to an attorney in revocation proceedings. In *Gebhart v. Gladden,* 243 Or 145, 412 P2d 29 (1966), the court said at 150:

> "* * * [A] hearing under ORS 137.550 need [not] take on the formalism normally associated with the taking of testimony on the issue of guilt or innocence. The hearing provided for by this statute is summary in nature * * *. Trial judges have great discretion in controlling the nature and scope of summary hearings."

See also *City of Portland v. Olson,* 4 Or App 633, 481 P2d 641, Sup Ct *review denied* (1971); *State v. Dupree,* 3 Or App 303, 472 P2d 824, Sup Ct *review denied* (1970). The mistake which was made in the instant case would have entitled the defendant to reasonable time needed for preparation to meet the charges against him in the revocation hearing if he desired it. However, the show-cause order and the arrest warrant were patently valid. Defendant was not entitled to prevent pertinent evidence against himself from being heard simply because a clerical error had been made in the process. Inasmuch as defendant proceeded without

seeking more time after his objections were made, the judge did not act capriciously or arbitrarily.

Affirmed.