**Scott Matthew HUCKE,**
Plaintiff–Appellee,

v.

**STATE OF OREGON and Harl Haas,**
Defendants–Appellants.

No. 91–35876.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 5, 1993.

Decided May 5, 1993.

Janie M. Burcart, Asst. Atty. Gen., Salem, OR, for defendants-appellants.

Michael R. Blaskowsky, Todd Trierweiler, Portland, OR, for plaintiff-appellee.

Before: D.W. NELSON, TROTT, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

This case presents a conflict between a federal bankruptcy proceeding and a state criminal proceeding, in which the bankruptcy court opinion (as applied by the federal district court) effected the release of an Oregon State prisoner convicted of rape by voiding the State's probation revocation. We vacate and remand.

## FACTS & PROCEDURAL HISTORY

On the night of December 15, 1989, Appellee Scott Matthew Hucke and his friend David Stone forcibly raped a young woman. On May 29, 1990, Hucke pleaded guilty to rape in the first degree in the Circuit Court of the State of Oregon in accordance with a plea agreement whereby the district attorney agreed to seek a maximum of five years probation (rather than the thirty-six months prison sentence that could have been imposed) and to recommend a downward departure from the state's sentencing guidelines. Presiding over the sentencing proceedings was Appellant Harl H. Haas, in his capacity as a Circuit Judge of that court. Although reluctant to abide by the stipulation because of the "heinous nature of the crime" and its "substantial and long-term effects on the victim," Judge Haas finally agreed to its terms on the express condition that Hucke pay a $20,000 compensatory fine to the victim. The court noted that it retained jurisdiction to impose the thirty-six month sentence should Hucke violate conditions of probation. Judge Haas placed Hucke on probation for sixty months and, in addition to the compensatory fine, imposed $1,135 in restitution and a penalty assessment of $50. The fines were payable at $500 per month, commencing two months after release from custody.

Hucke spent approximately forty days in a halfway house, and was released at the end of July. He made no payments on the obligations imposed by the probation. Instead, on October 10, 1990, he filed a petition in bankruptcy under Chapter 13 of the Bankruptcy Code.

Hucke's Chapter 13 plan, as confirmed on January 11, 1991, provided for payments of twenty percent of the debt to each of his creditors. In addition to the $21,185 due under the criminal judgment, Hucke listed debts of $3,043 to his lawyer in the criminal case, $3,805 in student loans, and $150 in medical bills. His petition showed gross annual income of $28,000, a monthly take-home of $1,828, and expenses of $1,620, including $400 in alimony, for a monthly "surplus" of $208, which went to the bankruptcy plan's $200 per month payment to creditors.

On January 14, 1991, the state court notified Hucke that he was in violation of probation and set a probation revocation hearing for February 8, 1991. Hucke filed an action in federal district court seeking to enjoin the state hearing. On February 7, 1991, the federal district court denied Hucke's application for a restraining order ruling that there was no "case or controversy" sufficient for federal jurisdiction.

Hucke appeared at the state probation revocation hearing on February 8th with his new criminal defense attorney. Judge Haas continued the proceedings to give Hucke's attorney time to familiarize himself with the case (including Hucke's "horrendous psychological evaluation"), and to propose an alternative sentence. Judge Haas explained,

> I don't intend to punish the defendant for filing bankruptcy. I just have to have a sentence that makes sense. And as we stand here right now, the compensatory fine has been removed as an option for this court, and I accept that. The question is ... what are the alternatives to that option?

At the continuation hearing on March 1, 1991, Hucke's attorney argued that rather than revoke probation, Judge Haas should accept a modification of the bankruptcy plan so that most, and possibly all, of the compensatory fine would be paid. Judge Haas rejected this suggestion. In reviewing Hucke's suitability for probation, Judge Haas stated,

this crime that he committed under the laws of the State of Oregon is presumptively a penitentiary offense, 36 months. It takes extraordinary reasons to depart from that. The defendant has destroyed the ability of this court to fashion a sentence that would permit that to occur; secondly, he's destroyed his credibility with this court; and thirdly, he'd demonstrated to me he continues to place himself first and his victim and this state second, and that he's not a capable candidate for that probationary sentence, that I have no way to fashion one that would be satisfactory that would indicate that we wouldn't be just going through all this again.

On March 5, 1991, Judge Haas found Hucke to be in violation of the probation, and resentenced him to thirty-six months imprisonment.

The same day, Hucke filed an amended plan in the Chapter 13 proceeding which provided for one-hundred percent payment of the amount required under the probation order. The plan was approved by the Chapter 13 trustee. The record before this court does not show whether the amended plan was confirmed by the bankruptcy court.

On March 22, 1991, Hucke filed an adversary proceeding in the Chapter 13 case against the State of Oregon and Judge Haas arguing that federal bankruptcy law, which imposes an automatic stay of all judicial proceedings brought against a debtor who has filed for Chapter 13 bankruptcy, required that the state court's revocation of Hucke's probation be void as having violated the automatic stay. On May 7, 1991, the bankruptcy court granted Hucke's motion for summary judgment, ruling that the State could not revoke Hucke's probation. *In re Hucke*, 127 B.R. 258 (Bankr.D.Or.1991) ("*Hucke I*"). The bankruptcy judge held that the probation revocation was a debt collection matter within the preemptive jurisdiction of the bankruptcy court because it was caused by Hucke's failure to pay his compensatory fine. *Id.* at 262. Pursuant to the automatic stay

provision of 11 U.S.C. § 362(a), the bankruptcy court declared Judge Haas' probation order to be void. *Id.* at 267.

The bankruptcy judge forwarded his opinion to the United States District Court with a proposed order for Hucke's immediate release for the district court to adopt. *In re Hucke*, 128 B.R. 675, 677 (Bankr.D.Or.1991) ("*Hucke II*"). The State of Oregon and Judge Haas filed objections, appealed the bankruptcy court's order, and moved for withdrawal of reference from the bankruptcy court. *Id.* The district court, agreeing with the reasoning of the bankruptcy court's opinion, withdrew the reference to the bankruptcy court, declared Judge Haas' revocation order to be void, and ordered Hucke's immediate release from prison.

This court has jurisdiction of the timely appeal brought by the State and Judge Haas pursuant to 28 U.S.C. § 1291.

## DISCUSSION

As a preliminary matter, we note that the bankruptcy court was authorized to discharge Hucke's restitution debt at the time he filed for Chapter 13 protection. In *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), the Supreme Court held criminal restitution obligations were dischargeable in a Chapter 13 proceeding. Although Congress subsequently amended the bankruptcy code to overrule *Davenport*, the amendment does not apply to the present case which was commenced some thirty-six days before the effective date of the enactment. *See* 11 U.S.C. § 1328(a)(3) (as added by Act of November 15, 1990, P.L. 101–581, 104 Stat. 2865).

Under 11 U.S.C. § 362(a) of the bankruptcy code, when a Chapter 13 petition for bankruptcy is filed, judicial proceedings against either the debtor or property of the estate which arose before the commencement of the case are automatically stayed.[1] Thus,

---

1. 11 U.S.C. § 362(a) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 U.S.C.S. §§ 301, 302,

303] ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other ac-

the issue presented in this case is whether the state court's order revoking probation was a proceeding controlled by the automatic stay provisions of 11 U.S.C. § 362(a).

■ An exception to the automatic stay provisions provides that the stay does not apply to "the commencement or continuation of a criminal action or proceeding against a debtor." 11 U.S.C. § 362(b)(1). Certainly, the mere institution of a probation revocation proceeding, without more, would constitute a continuation of a criminal action against the defendant/debtor and, thus, be exempt from the automatic stay (as distinguished from a civil debt collection action, which could not be instituted nor continued after the stay went into effect). However, if the probation hearing had as its aim the collection of the fine, then it would run afoul of § 362(a)(6), which stays acts intended to "collect, assess or recover a claim" against the debtor. In sum, if the present state revocation proceeding constituted collection efforts, then it would violate the automatic stay and would be void. On the other hand, if that proceeding were not a collection effort, then it would be a "continuation of a criminal action or proceeding against a debtor" and exempt from the stay.

■ In this case, Hucke had no monetary obligation under the judgment imposing the prison sentence. In fact, Hucke's restitution obligation was completely cancelled; he did not have to make even the twenty percent payment listed in his Chapter 13 plan. Judge Haas made it very clear during the revocation proceedings that he was not interested in collecting the fine, that he did not intend to punish Hucke for filing bankruptcy,

and that the compensatory fine was no longer an option. Judge Haas rejected the offer of Hucke's counsel to restructure the Chapter 13 plan so that payments on the compensatory fine would come close to one hundred percent of the total amount imposed. Therefore, the revocation proceeding did not operate as a collection device and was rather a "continuation of a criminal action," an exception to the automatic stay provisions. *See* 11 U.S.C. § 362(b)(1).

■ In *Hucke I*, the bankruptcy court held that the only violation of probation was Hucke's failure to pay the restitution fine and, thus, the probation revocation hearing contravened the automatic stay. 127 B.R. at 263. The district court appears to have adopted this reasoning. *Hucke II*, 128 B.R. at 678. Here is where we part company with the bankruptcy court and the district court. This reasoning does not consider state law relating to judicial authority over probation. Under Oregon law, probation can be revoked *either* for a violation of the conditions of probation *or* if the purposes of the probation are not being served. *Barker v. Ireland*, 238 Or. 1, 392 P.2d 769, 771 (1964) ("It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated."). "Probation is not a matter of right, but a matter of discretion. Probation is granted, withheld, *or revoked* in the exercise of the *judicial discretion* of the trial judge, guided by a balancing of considerations of public safety and rehabilitation of persons convicted of crime." *Id.* (emphasis added);

tion or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title [11 U.S.C.S. §§ 101 et seq.], or to recover a claim against the debtor that arose before the commencement of the case under this title [11 U.S.C.S. §§ 101 et seq.];

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title ...

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title ...

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title ...

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title ... against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

*see also State v. Rout,* 4 Or.App. 99, 477 P.2d 230, 232 (1970).

In the present case, Judge Haas did not resentence Hucke solely because Hucke failed to pay the fine, as the bankruptcy court asserts, but because the purpose of Hucke's probation was not being served. Under Oregon law, rehabilitation is one of the primary purposes of probation. *Barker,* 392 P.2d at 771. Judge Haas stressed that Hucke's rehabilitation could only be demonstrated by remorsefulness and a sense of responsibility ("I have to know if a defendant is remorseful, if a defendant has a sense of responsibility, if he cares about that victim's rights before I can say he is rehabilitated"). Judge Haas believed that in attempting to avoid paying restitution by filing for Chapter 13 relief, Hucke demonstrated a callous disregard for the victim and a disrespect for the court and the judicial system ("as soon as he got out of jail ... he rushed to the arms of two new attorneys and filed bankruptcy ... [t]o defeat the claim of the compensatory fine.... [H]e continues to place himself first and his victim and this state second [thereby showing] that he's not a capable candidate for a probationary sentence"). Thus, contrary to the bankruptcy court's finding, Hucke's failure to pay the restitution was *not* the *only* violation of probation. A state court judge may revoke probation at any time if the purposes of probation are not being met, and Judge Haas made such a judgment here. Hucke is asking this court to tell a state court judge that he no longer has this discretionary authority once a defendant has filed for bankruptcy. This outcome is untenable.

We conclude the resentencing was not a collection effort because (1) Hucke had no monetary obligation under the new judgment, and alternatively, (2) the resentencing was a proper effort on the part of Judge Haas to fashion a remedy that would serve the purposes of probation. Therefore, the revocation was a continuation of a criminal proceeding and not subject to the provisions of the automatic stay.

Relying on *Davenport,* Hucke argues that the revocation proceedings did not fall into the exception of § 362(b)(1) relating to the commencement of criminal proceedings against the debtor because it constituted the *enforcement* of a debt. *See, e.g., Davenport,* 495 U.S. at 560–61, 110 S.Ct. at 2132 ("Section 362(b)(1) does not, however, explicitly exempt governmental efforts to collect restitution obligations from a debtor.... It is not an irrational or inconsistent policy choice to permit prosecution of criminal offenses during the pendency of a bankruptcy action and at the same time to preclude probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13.").

Hucke's case is quite different factually than *Davenport* on the enforcement issue. The state court in *Davenport* expressly refused to obey the bankruptcy court order which included the restitution obligation as part of the Chapter 13 debt. Here, the state court made no attempt to collect the restitution debt, and in fact rejected an offer which would have resulted in payment of most, if not all, of the restitution. Moreover, *Davenport* did not say that a state court cannot revoke a probation where its reasons for doing so are unrelated to an intent to collect the debt. Such a reading of *Davenport* would indeed make the bankruptcy laws "a haven for criminal offenders." *Id.* (quoting S.Rep. No. 95–989, p. 51 (1978)).

Hucke also contends that Judge Haas' actions were not authorized under state law. However, neither this court nor the district court is authorized to consider this issue; the Supreme Court of the United States is the only federal court authorized to consider appeals of state court decisions, and then only on federal issues. *Elks Nat'l Found. v. Weber,* 942 F.2d 1480, 1483 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992).

The state court acted within its discretion in revoking Hucke's probation. There was no violation of the Bankruptcy Code's automatic stay. The district court's order releasing Hucke is VACATED. We REMAND the case to the district court with instructions to dismiss Hucke's adversary proceed-

ing.[2] VACATED and REMANDED.

**2.** In so holding, we need not reach the merits of the State's habeas corpus/exhaustion of state remedies argument inasmuch as it is not a jurisdictional question. *See generally Frisbie v. Collins*, 342 U.S. 519, 521, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952) (district courts may deviate from state exhaustion rule in special circumstances).