**In re Kevin BARBOZA, Debtor.**

**Bankruptcy No.  97–10995.**

United States Bankruptcy Court,
D.  Rhode Island.

July 31, 1997.

*ORDER AWARDING DAMAGES*
*FOR VIOLATION OF THE*
*AUTOMATIC STAY*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

### BACKGROUND

Heard on May 28, 1997, on the Debtor's Motion to Adjudge in Contempt, and seeking damages for willful violation of the automatic stay by a creditor, Lawrence Altman, and the State of Rhode Island.[1] The Debtor argues that § 362 prohibits *any* attempt to collect upon a pre-petition restitution order, and that the stay was violated when the court detained him, set bail in the amount of the restitution order, and canceled its enforcement proceeding when the restitution was paid.

The State contends that its action to collect the $1,700 and pay that sum to Altman was in the nature of a "continuation of a criminal action or proceeding against the debtor." Altman argues that he did not violate the stay because he took no action to collect the restitution, but was merely the recipient of funds collected by the State.

### FACTS AND TRAVEL

On February 13, 1996, Kevin Barboza pleaded nolo contendere to a criminal charge of obtaining money under false pretenses. As a condition of his deferred sentence, Barboza was ordered to pay restitution in the amount of $1,700 to the Central Registry of the Rhode Island Supreme Court, within 60 days, and it is undisputed that the Central Registry was authorized to pay this money to Lawrence Altman.

Barboza failed to pay the restitution and on June 4, 1996, the Attorney General issued a warrant for his arrest, on the ground that Barboza had violated the terms of his probation by: (1) failing to make a timely restitution payment; and (2) failing to meet with his probation officer. On March 10, 1997, Barboza filed a petition under Chapter 7 of the Bankruptcy Code and listed Lawrence Alt-

James Murray, Pawtucket, RI, for Debtor.

Benjamin Scungio, Providence, RI, for Lawrence Altman.

Terence J. Tierney, Department of the Attorney General, Providence, RI, for Rhode Island Division of Taxation.

---

**1.** Title 11 U.S.C. § 362(a) provides that a petition filed under section 301, 302 or 303 of Title 11 operates as a stay of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title."

man and the Department of Probation and Parole as unsecured creditors.

On April 18, 1997, Barboza appeared in state court, and requested that the arrest warrant be withdrawn. The court did not withdraw the warrant, but instead: (1) detained Barboza; (2) set cash bail at $1,700; and (3) scheduled a hearing to determine whether Barboza had violated the terms of his probation. The next day Barboza furnished the required bail and was released. The probation hearing was passed when the Superior Court determined that the bail money could be applied to the restitution obligation, and it was so ordered.

### DISCUSSION

■ Congress enacted 11 U.S.C. § 362(b) to ensure that " 'the bankruptcy laws are not a haven for criminal offenders.' " *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 560, 110 S.Ct. 2126, 2131–32, 109 L.Ed.2d 588 (1990) (quoting S.Rep. No. 95–989, U.S.Code Cong. & Admin. News, 1978, P. 5837). In balancing the competing interest of the state (in the prosecution of criminal activity), and bankruptcy courts (in providing a fresh start to debtors), the United States Supreme Court has held that it "is not irrational or inconsistent policy choice to permit prosecution of criminal offenses during the pendency of bankruptcy action and at the same time to preclude probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13." *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. at 561, 110 S.Ct. at 2132. The Ninth Circuit, in *Hucke v. Oregon*, concluded that the bankruptcy court should not interfere in criminal sanctions proceedings unless the state is clearly engaged in a post-petition collection action. *See Hucke v. Oregon*, 992 F.2d 950 (9th Cir.) *cert. denied*, 510 U.S. 862, 114 S.Ct. 178, 126 L.Ed.2d 137 (1993).

■ Thus, if the sole objective of a post-petition probation hearing is to collect restitution, then that proceeding may be a violation of the automatic stay. *See id.; Washington v. Hale (In re Washington)*, 146 B.R. 807, 809 (Bankr.E.D.Ark.1992) (where the court found that 11 U.S.C. § 362(a) precludes enforcement of restitution orders while a debtor seeks relief under Chapter 13). Whether or not a post-petition probation hearing is actually a "collection effort" is a fact-specific inquiry. *See id.*

■ The state's motive for instituting the proceeding is important. *See, e.g., Hucke* at 953. (Where the court found that revoking a debtor's probation and incarcerating him did not violate the automatic stay, because the debtor's failure to pay restitution was not *the only* violation of probation.) The result of the probation hearing is also significant. See *id.* (Where the court found that revoking a debtor's probation and incarcerating him, in part because he failed to pay restitution was not a "collection effort," because the debtor was not ordered to pay money, and because the judge properly exercised his resentencing authority in light of facts suggesting that probation was no longer warranted.)

On the other hand, some courts have found that post-petition collection of restitution does not violate the stay and have so held, without explicitly considering the above-mentioned factors. *See, e.g., In re Pellegrino*, 42 B.R. 129 (Bankr.D.Conn.1984) (where the court held that post-petition enforcement of a wage garnishment execution, instituted by the state to collect restitution based on a criminal charge, did not violate the stay, and neither did the creditor who was the recipient of the collected funds); *In re Button*, 8 B.R. 692, 694 (Bankr.W.D.N.Y.1981) (where the bankruptcy court held that it did not have jurisdiction to interfere with the state court's restitution collection efforts because it could not see "in any section of the Bankruptcy Code an intention by the Federal Government to relieve debtors of criminal responsibilities"). While these cases are out there, we do not find them helpful to our analysis of the issue at bench.

■ In the instant case the Debtor was detained, ordered to pay bail in the exact amount of the restitution ordered, and directed to appear at a probation violation hearing. The court then disbursed the collected bail to the creditor. Upon satisfaction of the creditor's claim, the Superior Court canceled the probation hearing. Here, without question,

the State was indeed pursuing a post-petition collection action. *See Hucke* at 953. Furthermore, based on these facts, we find, *technically* at least, that the violation of the stay by the State and/or Lawrence Altman *was wilful. See In re Johnson*, 138 B.R. 352, 354 (Bankr.D.R.I.1992) ("wilfulness" is established if the violator is aware of the stay and if its post-petition actions were intentional). Therefore, pursuant to 11 U.S.C. § 362(h)[2], the State and Lawrence Altman are jointly and severely ordered to return the $1,700 to the Debtor, forthwith.

The State and Lawrence Altman are also ordered to reimburse Mr. Barboza for his attorney's fees and costs incurred herein. *See In re Davis*, 74 B.R. 406, 411 (Bankr. N.D.Ohio 1987) ("an award of attorney's fees is appropriate where an initial violation of the stay is followed by debtor's having to resort to the courts to enforce his rights"); 11 U.S.C. § 362(h). If the parties cannot agree on the reasonableness of the fee request, the Court will hear and decide the matter.

■ Finally, we deny the Debtor's request for sanctions or punitive damages. Whereas an award for actual damages is mandatory upon a finding of a wilful (even if only technical) stay violation, "an award of punitive damages is discretionary and proper only in appropriate circumstances." *Davis v. Internal Revenue Serv.*, 136 B.R. 414, 423 n. 20 (E.D.Va.1992). "The cases interpreting 'appropriate circumstances' indicate to us that egregious, intentional misconduct on the violator's part is necessary to support a punitive damages award." *U.S. v. Ketelsen (In re Ketelsen)*, 880 F.2d 990, 993 (8th Cir.1989). Indeed, such awards are "reserved ... for cases in which the [violator's] conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief." *Cochetti v. Desmond*, 572 F.2d 102, 106 (3rd Cir.1978); see also *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 903–904 (Bankr.E.D.Pa.1987). To recover punitive damages, the violator must have acted with actual knowledge that he was violating a federally protected right or with reck-

less disregard of whether he was doing so. *Id.*

In light of this "higher state of mind standard," we find that punitive damages are not warranted in this case, and Debtor's request for such an award is DENIED. *See U.S. v. Ketelsen (In re Ketelsen)*, 104 B.R. 242, 254–255 (W.D.S.D.1988) (for a discussion on the "higher state of mind standard" and rationale).

Enter Judgment consistent with this order.

---

**2.** Under Section 362(h), "an individual injured by *any wilful violation* of a stay ... *shall* recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (emphasis added).