**In re Terence O. DENNISON and Marijo H. Dennison, Debtors.**

**Marijo H. Dennison, Plaintiff,**

**v.**

**Dan M. Davis, Windham County (Vermont) State's Attorney, Charles A. Bergmann, and Hermine M. Bergmann, Defendants.**

**Bankruptcy No. 03–23114.
Adversary No. 04–2085.**

United States Bankruptcy Court, D. Connecticut.

Feb. 15, 2005.

John K. Harris, Jr., Jackson Harris Burlingame & Hubert, LLC, Danielson, CT, for Plaintiff.

Clifford Peterson, Assistant Attorney General, State of Vermont, c/o Joan E. Pilver, Assistant Attorney General, State of Connecticut, Hartford, CT, for Defendant Dan M. Davis.

Julie A. Manning, Hanh V. Huynh, Shipman & Goodwin LLP, Hartford, CT, for Defendants Charles A. and Hermine M. Bergmann.

## RULING ON MOTIONS TO DISMISS COMPLAINT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Terence O. Dennison and Marijo H. Dennison filed a joint Chapter 7 bankruptcy petition on October 6, 2003, in which they listed Charles A. Bergmann and Hermine M. Bergmann (together "the Bergmanns") as creditors with a claim of $13,400. The Bergmanns' claim is for "two dishonored checks in the amounts of $3,850.00 and $9,550.00, given on or about June 27, 2002, in payment of a security deposit for rental of commercial property."(Complaint at ¶ 4.) The trustee of the joint bankruptcy estate has filed a report of no property available for distribution.

Marijo H. Dennison ("the debtor"), on October 5, 2004, filed a complaint against the Bergmanns and Dan M. Davis, Windham County (Vermont) State's Attorney ("Davis"), alleging that, on December 7, 2003, subsequent to the commencement of the debtors' bankruptcy case, Charles A. Bergmann ("Bergmann") "telephoned the Plaintiff demanding that his claim be 'removed' from the Plaintiff's bankruptcy filing and threatened that dire consequences would result to the debtors if they did not comply." (Complaint at ¶ 7.) The debtor further alleges that Bergmann, "motivated solely by a desire to intimidate and threaten" the debtor into paying the prepetition debt, subsequently notified the Windham County (Vermont) State's Attorney's office of "so-called bad checks" (Complaint at ¶¶ 8–9.) and that on or about August 24, 2004, Davis filed criminal charges, pursuant to Vt. Stat. Ann. tit. 13 § 2022,[1] against the debtor for issuing "bad checks." (Complaint at ¶ 10.)

The complaint seeks: (1) an injunction permanently barring the criminal proceedings in Vermont, and (2) monetary dam-

---

1. Section 2022, *Bad checks,* in relevant part, provides:

   A person who issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee, shall be imprisoned for not more than one year or fined not more than $1,000.00 or both. The court shall order restitution in the amount of the check or order, together with a service charge not to exceed $5.00, if it is established that the defendant has the ability to pay.

ages against the Bergmanns for violations of the automatic stay. The complaint states that "[t]he federal interest in providing a breathing spell for the debtor and reorganizing the debtor's assets among creditors in an orderly manner must be given priority over this misguided prosecution of two misdemeanors that serves neither the public welfare nor deterrence of further crime, but in fact short-circuits and unnecessarily complicates the bankruptcy proceedings." (Complaint at ¶ 13.)

The Bergmanns filed a motion to dismiss the complaint as to them pursuant to Fed.R.Civ.P. 12(b)(6)("failure to state a claim upon which relief can be granted"), made applicable in bankruptcy proceedings by Fed. R. Bankr.P. 7012. Davis filed a motion to dismiss the complaint as to him in accordance with both Fed.R.Civ.P. 12(b)(6) and 12(b)(1) ("lack of jurisdiction over the subject matter"). The arguments presented by the defendants are incorporated into the following discussion.

## II.

### Davis' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

Because the jurisdiction of this court is a threshold issue, the court will first consider Davis' assertion that Vermont's Eleventh Amendment[2] sovereign immunity denies this court subject matter jurisdiction. To support the assertion that the complaint against him be dismissed in accordance with Fed.R.Civ.P. 12(b)(1), Davis argues that "[a] suit against a State's Attorney is . . . a suit against the State" and therefore barred by the Eleventh Amendment. Davis acknowledges that the doctrine of Ex parte Young, 209 U.S. 123, 28

S.Ct. 441, 52 L.Ed. 714 (1908), permits a federal court to enjoin a state official from enforcing a state statute that would violate the Constitution or statutes of the United States, but argues that the prosecution at issue does not violate the federal Bankruptcy Code. The question of whether prosecution of the debtor under Vermont's "bad check" statute violates the Bankruptcy Code, however, goes to the merits of this adversary proceeding, which the court cannot reach if it lacks jurisdiction to entertain the suit. The Supreme Court has explicitly stated:

> In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. . . . But the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim.

*Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645–46, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (citations and quotation marks omitted).

■ Accordingly, the complaint's allegations that the prosecution by Davis of the debtor is merely a postpetition attempt to collect a prepetition debt, in violation of provisions of the Bankruptcy Code, are sufficient to support the court's jurisdiction in accordance with the *Ex parte Young* doctrine. The court has subject matter jurisdiction and Davis' request for dismissal under Fed.R.Civ.P. 12(b)(1) is denied.

---

2. Amendment XI, *Suits Against States*, provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

## III.

### Motions to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

#### A.

In considering a motion to dismiss, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim, the court "must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993). "In assessing the sufficiency of the complaint, we must accept the allegations contained therein as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Gryl v. Shire Pharmaceuticals Group PLC,* 298 F.3d 136, 140 (2d Cir.2002). "To survive a motion to dismiss, however, the complaint must allege facts which, assumed to be true, confer a judicially cognizable right of action. Thus, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar,* 286 F.3d 122, 125 (2d Cir.2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan,* 235 F.3d 80, 83 (2d Cir.2000).

#### B.

### Davis' Motion to Dismiss

Bankruptcy Code § 362 provides for an automatic stay upon filing of a petition seeking relief under the Bankruptcy Code. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor ... to be relieved of the financial pressures that drove him into bankruptcy." H.R.Rep. No. 95–595, 1st Sess. 340 (1977), S.Rep. No. 95–989, 2d Sess. 49 (1978), U.S.Code Cong & Admin.News 1978, pp. 5963, 6296–97, 5787, 5835. Although the scope of the automatic stay is broad, § 362(b) provides a list of exceptions to the stay, the first of which is "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). Pursuant to the plain language of § 362(b)(1),[3] "the automatic stay does not apply to enjoin state criminal actions, even if the prosecution is motivated by the complaining witness' desire to collect a debt." *Gruntz v. County of Los Angeles (In re Gruntz),* 202 F.3d 1074, 1087 (9th Cir.2000).[4] The debtor concedes that Davis' prosecution is excepted from the stay, but argues that the bankruptcy court should exercise its discretion to utilize its equitable powers under Bankruptcy Code § 105 to enjoin the state court prosecution. (Debtor's 12/13/04 Brief at 2.)

Section § 105(a) authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or

3. The court notes that, in his memorandum, Davis impermissibly cites an unpublished ruling of the Second Circuit Court of Appeals, contrary to the prohibition in Second Circuit Rule 0.23 (Unreported opinions "shall not be cited or otherwise used in unrelated cases before this or any other court.").

4. In *Gruntz,* the Ninth Circuit court of Appeals overruled its earlier decision, *Hucke v. Oregon,* 992 F.2d 950 (9th Cir.1993), in which it had applied the "motivation test" urged here by the debtor, that § 362(b)(1) did not apply if debt collection were the primary purpose of the criminal proceeding. The court stated in *Gruntz,* "Although *Hucke* was in the mainstream of thought at the time, it is time to reexamine it. Other circuits have declined to follow.... Most importantly, it is at odds with the plain words of the [Bankruptcy Code]." *Gruntz,* 202 F.3d at 1085.

appropriate to carry out the provisions of [the Bankruptcy Code]." As indicated in the legislative history, § 105 provides the "authorization, as required under 28 U.S.C. § 2283,[5] for a court of the United States to stay the action of a state court." H.R.Rep. No. 95–595, 1st Sess. 316 (1977), S.Rep. No. 95–989, 2d Sess. 29 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6273, 5787, 5814–15.

■ The circumstances under which a bankruptcy court may enjoin criminal proceedings in a state court are narrowly circumscribed by the doctrine of *Younger v. Harris:*

> [W]e have concluded that the judgment of the District Court, enjoining Younger [a state District Attorney] from prosecuting under these [state] statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances....
>
> ....
>
> *Ex parte Young* and following cases have established the doctrine that when absolutely necessary for protection of constitutional rights courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders

against the laws of the state and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.

*Younger v. Harris,* 401 U.S. 37, 41–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (citation omitted).

■ The *Younger* exception permitting an injunction against bad faith prosecution is likewise narrowly construed. *See Perez v. Ledesma,* 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

■ The debtor has alleged no facts in her complaint that would support granting the requested injunction. The debtor argues that prosecution under the Vermont "bad check" statute will result in the imposition of a criminal restitution penalty, which "short-circuits and unnecessarily complicates the bankruptcy proceedings," in order to collect an otherwise uncollectible debt. (Complaint at ¶ 13.) The court finds this argument unpersuasive. Both Congress[6] and the federal courts have made it clear that a state's interest in enforcing its criminal statutes supercedes the debtor's interest in obtaining a "fresh

---

5. 28 U.S.C. § 2283, *Stay of State court proceedings,* provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

6. The Bankruptcy Code includes explicit exceptions to a number of provisions for state criminal proceedings. *See, e.g.* § 362(b)(1) (criminal proceedings excepted from stay), § 362(b)(4) (certain police or regulatory actions excepted from stay), § 523(a)(7) (nondischargeability of certain fines and penalties).

start." The Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief. This reflection of our federalism also must influence our interpretation of the Bankruptcy Code in this case." *Kelly v. Robinson,* 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (citation omitted) (holding criminal restitution payments nondischargeable under § 523(a)(7)).

Although the debtor argues that the purpose of the criminal prosecution at issue is collection of a debt in the guise of criminal restitution, *Kelly* also held:

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for ... compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State.

*Id.* at 53, 107 S.Ct. 353.

In a recent decision concerning the same bad check statute at issue in this proceeding, the Bankruptcy Court for the District of Vermont held that the criminal prosecution was excepted from the automatic stay and noted that, even if the complaint were construed to request injunctive relief, the *Younger* doctrine would preclude such relief. *Pickett v. Quinn (In re Pickett)*, 321 B.R. 663, 2005 WL 237764 (Bankr.D.Vt. 2005).

The court concludes that, with regard to Davis, the complaint fails to state a claim upon which relief can be granted and that the complaint be dismissed against him.

### C.

### *Bergmann's Motion to Dismiss*

▮▮▮▮▮ The court agrees with the Bergmanns' argument that their contacting the States' Attorney's office concerning the debtor's bad check was excepted from the automatic stay pursuant to § 362(b)(1) as the commencement of a criminal proceeding. *See, e.g. In re Gruntz,* 202 F.3d at 1087; *In re Pickett,* 2005 WL 237764.[7] The question remains as to whether Bergmann's allegedly threatening postpetition telephone call to the debtor was a violation of the automatic stay, and, if so, whether damages are payable in accordance with § 362(h).[8] Construing the allegations of the complaint in the light most favorable to the debtor, the court cannot conclude that Bergmann's telephone call did not violate the stay.[9] Accordingly, the court concludes that the Bergmann's motion to dismiss must be denied.

### IV.

### *Conclusion*

In accordance with the foregoing discussion, the court concludes that Davis' mo-

---

**7.** In their memorandum, the Bergmanns also violate Second Circuit Rule 0.23 by impermissibly citing the same unpublished ruling as Davis.

**8.** 11 U.S.C. § 362(h) states:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropri- ate circumstances, may recover punitive damages.

**9.** The court notes that, although the complaint alleges that Bergmann was the party who acted in violation of the stay, it is unclear whether he did so on behalf of both himself and his wife. Hence, the court declines to dismiss the complaint against Hermine M. Bergmann.

tion to dismiss the complaint against him be granted; and that the Bergmann's motion to dismiss be denied. It is

SO ORDERED.