Argued and submitted April 28, affirmed August 18, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## VICTOR RAUL PEREZ,
*Appellant.*

(91CR2171, 88CR2197, 88CR2150, 88CR2198;
CA A73180 (Control), A73749)
(Cases Consolidated)

857 P2d 893

Argued and submitted April 28, 1993.

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Youlee Yim You, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

In this consolidated criminal appeal, defendant seeks reversal of his convictions for conspiracy to deliver a controlled substance, ORS 161.450; ORS 475.992, delivery of a controlled substance, ORS 475.992, and possession of a controlled substance, ORS 475.992. He also seeks reversal of three judgments revoking his probation. We affirm.

We recite only the facts pertinent to this appeal. Defendant was involved in a drug transaction that took place in the presence of a paid informant fitted with a body wire. Defendant's remarks were transmitted via the body wire to a police officer stationed outside the house where the drug transaction took place.

Before trial, defendant moved to exclude any mention of the body wire. The court ruled that evidence of the body wire would be admitted only for rebuttal, and only if the court had prior notification. On redirect examination of the officer stationed outside the house, the state asked a series of questions, without objection, that alluded to the body wire. The officer answered all the questions. After the eleventh reference to the body wire, defendant objected and moved for a mistrial.[1] He did not make a motion to strike the testimony. The objection was overruled as untimely and the motion for a mistrial was denied. Defendant's later objection to mention of the body wire by the paid informant was also overruled. He did not make a motion to strike.

Defendant assigns error to the admission of evidence concerning the body wire. We first address whether the error was preserved. An objection to inadmissible evidence must be timely so that error can be avoided. *State v. Evans*, 19 Or App 345, 354, 527 P2d 731 (1974), *rev den* (1975). Because defendant did not object to the first 10 references to the body wire, any error in the admission of those references was not preserved. Although defendant timely objected to the eleventh reference to the body wire, any error was harmless in light of the 10 references that were admitted without objection. For

---

[1] Defendant does not argue that reference was qualitatively different from the first 10 references and that the failure to object to the first 10 references was somehow excused. We note that defendant did not object to body wire evidence that identified him by name and identified the conversation as a narcotics transaction.

the same reason, any error in the admission of the informant's testimony about the body wire was also harmless.[2]

■ Defendant next assigns error to the revocation of his probation. We review for abuse of discretion. *Barker v. Ireland*, 238 Or 1, 392 P2d 769 (1964). It is not necessary to detail the facts surrounding revocation of defendant's probation. Suffice it to say that, after he was placed on probation in 1988, defendant was charged with burglary, driving while revoked, first degree theft and a drug crime separate from the one at bar. Furthermore, defendant tested positive for drugs twice and refused to pay fines and restitution even when he was employed. The trial court did not abuse its discretion.

Affirmed.

---

[2] Defendant neither made a motion to strike the objectionable testimony, nor requested a curative instruction.